UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MOHAMED ISMAIL ELMASRI,                E.D. Bankr. Case
                                       No. 8-09-08418-478
                Appellant

    -against-

COLEEN RUPP, ET AL.,                   MEMORANDUM & ORDER
                                       10-CV-2761 (JS)
                Appellees.
----------------------------------X
APPEARANCES:
For Appellant:    Mohamed Ismail Elmasri, pro se
                  41 Tremont Avenue
                  Patchogue, NY 11772

For Appellees:    Heath S. Berger, Esq.
                  Steinberg, Fineo, Berger & Fischoff, P.C.
                  40 Crossways Park Drive
                  Woodbury, NY 11797

SEYBERT, District Judge:

Pending before the Court is pro se appellant Mohamed Ismail Elmasri's ("Debtor") appeal from the April 19, 2010 Memorandum Decision and Order by Bankruptcy Judge Dorothy Eisenberg dismissing Debtor's adversary complaint and sanctioning him for commencing a frivolous proceeding (the "April 19 Order"). The Appellees are Coleen Rupp, Heath S. Berger, Esq., Steinberg, Fineo, Berger and Fischoff P.C. and Keith Swensen (collectively, "Appellees"). For the reasons that follow, the April 19 Order is AFFIRMED.

BACKGROUND

This case arises from a long and tortured series of bankruptcy proceedings. The Court only sets forth the facts

necessary to put this appeal into context.

Debtor filed for Chapter 7 relief in October, 2005 and was discharged in July 2006. (April 19 Order at 1.) In connection with Debtor's bankruptcy, Bankruptcy Judge Melanie Cyganowski confirmed the sale of a property that Debtor owned with his ex-wife, Appellee Rupp, in Patchogue, New York (the "Property"), with payment of Debtor's $50,000 homestead exemption to be made to him at the closing. (Id. at 1-2.)

I. The Order to Show Cause

On August 28, 2006, two days before the closing, Appellee Rupp filed an application for an order to show cause seeking, among other things, an injunction and a temporary restraining order enjoining the Chapter 7 trustee from releasing Debtor's homestead exemption from the sale's proceeds. (Id. at 2.) Judge Cyganowski scheduled an emergency hearing for the next day, and notice of the hearing was allegedly served on Debtor by a process server who affixed the notice to Debtor's door. See id.

Debtor did not appear at the emergency hearing, and Judge Cyganowski issued an Order to Show Cause and granted Rupp's request for a temporary restraining order directing the Trustee to hold the homestead exemption funds in escrow until a further hearing which was scheduled for September 12, 2006 (the "Order to Show Cause"). Id. The Order to Show Cause explicitly

found that Debtor had been served with sufficient notice. E.D.N.Y. Bankr. No. 805-88238-511, Docket Entry 60. The September 12 hearing was eventually rescheduled to October 4, 2006. April 19 Order at 3. Debtor never appealed the Order to Show Cause. Id. at 4.

On September 7, 2006, Debtor filed an affidavit in response to the Order to Show Cause in which he protested that Appellees acted in bad faith by scheduling the emergency hearing while Debtor was on an airplane and thus unable to attend. See E.D.N.Y. Bankr. No. 805-88238-511, Docket Entry 61, ¶¶ 16-17. Using similar language in a September 20, 2006 motion to vacate the temporary restraining order, Debtor again complained that notice was insufficient. E.D.N.Y. Bankr. No. 805-88238-511, Docket Entry 64, ¶ 7. These arguments, along with various other motions, were taken up together by Bankruptcy Judge Joel Rosenthal who, notwithstanding Debtor's suggestions that service had been improper, continued the restrictions on the homestead exemption initially imposed by Judge Cyganowski. E.D.N.Y. Bankr. No. 805-88238-511, May 24, 2007 Order at 14.

## II. Further Litigation

On December 11, 2007, Appellee Rupp moved for an order compelling the Trustee to turn over the homestead exemption to her in satisfaction of a child support judgment that she had previously obtained against Debtor. See E.D.N.Y. Bankr. No.

3

805-88238-511, Docket Entry 97. The next day, Debtor filed his own motion seeking the turnover of the homestead exemption. See E.D.N.Y. Bankr. No. 805-88238-511, Docket Entry 101. In this filing, Debtor reiterated his argument that service of the initial application for an order to show cause had been insufficient. Id. ¶ 7. Bankruptcy Judge Jerome Feller held a hearing on the motions on March 20, 2008, during which Debtor pressed the issue of improper service. (See A'ee Br. Ex. H, Transcript of Hrg. 55:21-25.) Judge Feller denied Debtor's motion at the hearing, and entered an order confirming as much on April 28, 2008 (the "April 28 Order"). E.D.N.Y. Bankr. No. 805-88238-511, April 28, 2008 Order.

Debtor appealed both Judge Rosenthal's May 24, 2007 Order and Judge Feller's April 28, 2008 Order, and raised the improper service issue in both appeals. See E.D.N.Y. No. 07-CV-2816, Docket Entry 11 at 11-12; E.D.N.Y. No. 08-CV-2709, Docket Entry 6 at 14.) This Court affirmed both orders on March 31, 2009, albeit without explicitly discussing the service issue. Defendant appealed this Court's order, and the Second Circuit affirmed.

III. The Adversary Proceeding Underlying this Appeal

A few months after this Court rejected Debtor's appeals, Debtor commenced the adversary proceeding that underlies the present appeal. In his Adversary Complaint, dated

4

September 21, 2009, Debtor sought, among other things, a declaratory judgment that service of the initial application for an order to show cause was insufficient and that the Order to Show Cause hearing was therefore void. (See Adversary Complaint ¶ 30.) In support of the relief requested, Debtor alleged that the Order to Show Cause hearing was held despite "fraudulent service of process" and that service was "insufficient, improper and calculated by defendants to defeat [Debtor's] right to be heard." (Id. ¶¶ 13, 21.)

Appellees moved to dismiss Debtor's complaint and, in their motion, moved for sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011. Appellee Berger also moved separately for sanctions under Bankruptcy Rule 9011. "In light of the proceedings that have taken place since the original filing of the Order to Show Cause, and the subsequent decisions by several judges in regard to the very same allegations by the Debtor as to improper service on him," the Bankruptcy Court dismissed the Adversary Complaint at a hearing on November 17, 2009. See April 19 Order at 6. At the same hearing, Appellee Berger indicated that he was willing to withdraw his request for sanctions in exchange for Debtor's agreement to withdraw the Adversary Complaint with prejudice (i.e., not raise the improper service issue again). Id. at 6-7. Debtor would not agree, and after a sanctions hearing on January 21, 2010, the Bankruptcy

5

Court sanctioned Debtor pursuant to 11 U.S.C. § 105(a) ("Section 105(a)") for filing a frivolous complaint. Debtor was sanctioned $2,000 plus $4,387.50 in reasonable legal fees. April 19 Order at 10.

## DISCUSSION

I. Standard of Review

Federal district courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. FED. R. BANKR. P. 8013. The Bankruptcy Court's "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." Id.; see also In re Momentum Mfg. Co., 25 F.3d 1132, 1136 (2d Cir. B.A.P. 1994); In re PCH Assocs., 949 F.2d 585, 597 (2d Cir. B.A.P. 1991). The Bankruptcy Court's legal conclusions, however, are reviewed de novo. See In re Momentum Mfg. Co., 25 F.3d at 1136.

II. The April 22 Order must be Affirmed

In reviewing Debtor's appeal, the Court is mindful that he is proceeding pro se and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). Nevertheless, the April 19 Order must be affirmed.

A. <u>Debtor's Adversary Proceeding was Properly Dismissed</u>

Having reviewed the dismissal of Debtor's Adversary Complaint <u>de</u> <u>novo</u>, the Court finds that this portion of the April 19 Order must be affirmed. Debtor never appealed the Order to Show Cause, and Judge Cyganowski's initial finding that Debtor had sufficient notice of the Order to Show Cause hearing is thus a final order and the law of the case. In dismissing the Adversary Complaint that prompted this appeal, the Bankruptcy Court correctly found that Debtor has not shown a "cogent" or "compelling" reason for revisiting that decision, such as "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." April 19 Order at 8-9; <u>see</u> <u>also</u> <u>Ali v. Mukasey</u>, 529 F.3d 478, 490 (2d Cir. 2008) (quotations omitted). Although Plaintiff never appealed the Order to Show Cause, he raised the improper service issue in subsequent litigation before Judges Rosenthal and Feller and was denied relief in orders that were affirmed by this Court. The Court considers the improper service issue to have been settled for some time. It AFFIRMS the April 19 Order on this point, and it cautions Debtor that further correspondence to this Court regarding this issue may lead to additional sanctions.

B. <u>Debtor was Properly Sanctioned</u>

The Bankruptcy Court, having found that Debtor abused

7

"the bankruptcy process causing a needless increase in the cost of litigation," sanctioned Debtor $2,000 plus $4,387.50 in reasonable attorneys' fees. April 19 Order at 10. The Court reviews the Bankruptcy Court's decision to sanction Debtor for an abuse of discretion. See In Re Highgate Equities, Ltd., 279 F.3d 148, 151 (2d Cir. 2002). For the reasons that follow, the Bankruptcy Court did not abuse its discretion in sanctioning Debtor, and that portion of the April 21 Order is AFFIRMED.

1. Legal Standard

While the Bankruptcy Court sanctioned Debtor under Section 105(a), it is not clear whether these sanctions were anchored, as required, to a particular provision of the Bankruptcy Code. In re Negosh, No. 06-CV-5617, 2007 WL 2445158, at *10 (E.D.N.Y. 2007). The Court may affirm a Bankruptcy Court's order on any ground for which there is support in the record, however, and the Court finds that sanctions were an appropriate exercise of the Bankruptcy Court's inherent power. Freeman v. Journal Register Co., __ F. Supp. 2d __, 2010 WL 768942, at *1 (S.D.N.Y. Mar. 8, 2010). "Federal courts, including bankruptcy courts, possess inherent authority to impose sanctions against attorneys and their clients. [The] court's inherent power to sanction derives from the fact that courts are vested, by their very creation, with power to impose silence, respect, and decorum[ ] in their presence, and

submission to their lawful mandates." In re Plumeri, 434 B.R. 315, 327-28 (S.D.N.Y. 2010) (quotations and citations omitted). "Inherent-power sanctions ordinarily require a clear showing of bad faith on the part of the party to be sanctioned. Imposition of sanctions under a court's inherent powers requires a specific finding that an attorney acted in bad faith, and inherent-power sanctions are appropriate only if there is clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes." Id. at 328 (citations and quotations omitted). A court may infer bad faith where the action was "so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." See Salovaara v. Eckert, 222 F.3d 19, 35 (2d Cir. 2000) (quotations omitted) (discussing sanctions under 28 U.S.C. § 1927).

2. Sanctions are Appropriate

The Bankruptcy Court acted within its discretion in sanctioning Debtor for filing a frivolous pleading. Prior to filing his Adversary Complaint, Debtor argued, without success, that service was improper to two bankruptcy judges and this Court. Additionally, Judge Cyganowski found that service was sufficient when she first issued the Order to Show Cause. See April 19 Order at 7 n. 2 ("The Debtor has raised this issue of improper service previously at least 3 times, and has been

9

denied relief.") The Adversary Complaint was patently without merit, and the Bankruptcy Court could properly infer Debtor's bad faith effort to harass Appellees and needlessly multiply the proceeding. See April 21 Order at 10.

The amount of the sanction was not an abuse of discretion either. Debtor argues that the sanction was "excessive, unreasonable, and unfair and lacks analytical principles for determining sanctions under Rule 11." (App. Br. at 15.) Specifically, he maintains that the Court improperly found that Appellees' fees were reasonable before it examined the time records that Appellees submitted in support of their motion. (Id. at 16.) This argument is meritless. Although the Bankruptcy Court indicated at the sanctions hearing that 19.5 hours of attorney time was reasonable, it directed Appellees to submit time records to support that number. (1/21 Hrg. Tr. at 37.) Appellees did as instructed, and the Bankruptcy Court was within its discretion to find--in a subsequent order--that the amount of time spent on the tasks described in Appellees' bills was reasonable. (See A'ee Br. Ex. N (time records).)

The Bankruptcy Court was also within its discretion to find that counsel's $225 per hour billable rate was reasonable under the circumstances. In their motion for sanctions, Appellees provided background information sufficient for the Bankruptcy Court to conclude that Heath Berger, Esq., and his

10

colleagues are experienced bankruptcy practitioners for whom $225 per hour is a reasonable rate. E.g., In re Bruns, No. 08-75936, 2009 WL 2045924, at *7 (Bankr. E.D.N.Y. July 2, 2009) (allowing $250 per hour for bankruptcy counsel); Docket Entry 1-6 at 7.

Although Debtor did not raise this particular issue, the Court notes that, according to the time records, an associate of Mr. Berger's performed much of the work in this case, and the Bankruptcy Court apparently never received information justifying a billing rate for that particular associate. That shortcoming does not render the Bankruptcy Court's award infirm for two reasons. First, Mr. Berger's usual billing rate is approximately $375 per hour, (1/21/10 Hrg. Tr. at 12), yet despite his obvious involvement in this case, Appellees did not include any of Mr. Berger's time in their fee calculation. (See A'ee Br. Ex. N.) Thus, to the extent Mr. Berger worked on this case but did not charge his usual rate, this is a "write-off" that ultimately benefits the Debtor. Second, even if it were to treat Appellees' failure to submit facts justifying the associate's billing rate as a failure to properly document their fee request, the Bankruptcy Court was nevertheless permitted to use its discretion in evaluating the reasonableness of legal fees in the absence of complete documentation. See Robbins & Myers, Inc. v. J.M. Huber Corp.,

No. 01-CV-0201, 2010 WL 3432234, at *2 (W.D.N.Y. Aug. 31, 2010) (district court awarded attorney's fees to defendants notwithstanding defendants' failure to submit sufficient documentation). Here, the Bankruptcy Court was justified in finding that the legal fees incurred by Appellees--19.5 hours at $225 per hour, for a total of $4,387.50--was reasonable considering the time spent responding to Debtor's filing and preparing for court appearances.

The Bankruptcy Court was also within its discretion to award Appellees an additional $2,000 as sanction designed to deter Debtor from future frivolous filings. See Schwartz v. Nordstrom, Inc., No. 94-CV-1005, 1994 WL 584676, at *4 (S.D.N.Y. 1994) (concluding that a $3,000 penalty was warranted under Federal Rule 11 "to deter him from continuing his pattern of filing meritless and vexatious lawsuits.").

## CONCLUSION

For the foregoing reasons, the Bankruptcy Court's April 19, 2010 Memorandum and Order is AFFIRMED in all respects.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:    February __2__, 2011
          Central Islip, New York